No. 10,936.

WAGES, ET AL. v. GARMON, ET AL.

Decided June 2, 1924.

Action for damages. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. PLEADING—*Complaint—Damages.* Allegations of a complaint for damages on account of failure of defendants to procure and give plaintiffs a deed of trust in connection with a real estate transaction, reviewed and held to state causes of action.

2. PRINCIPAL AND AGENT—*Duty of Agent—Damages.* Where an agent under his employment to sell lots was to take back a deed of trust for a balance of the purchase price on delivery of the warranty deed, which he failed to do, to the injury of his principal, it is held he was liable for the damage incurred on account of such failure.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. JOHN S. STIDGER, for plaintiffs in error.

Mr. RICHARD E. BISHOP, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiffs Garmon and Nicholas, through their agent, Houston, doing business as the Houston Investment Com-

pany, contracted to and did sell and convey some Denver city lots to D. R. Wages and A. L. Frost. One of the covenants of the contract of sale was that the purchasers were to give a trust deed on the lots to secure a balance of $200 on the purchase price, immediately upon, or in connection with, the execution of the grantors' deed of conveyance. It was a part of the duty of the agent to carry out this contract of sale and to secure for his principals, plaintiffs, the trust deed as security. The agent, disregarding his duty, delivered plaintiffs' deed without demanding or receiving the trust deed. The other defendants, the purchasers, have refused the repeated demands of the plaintiffs to give the trust deed as security, to the damage of the plaintiffs in the sum of $200. The foregoing facts, in proper form, are alleged in the first cause of action in the complaint, and in a second and separate cause of action the same facts are alleged as in the first, coupled with apt averments of a conspiracy or fraudulent scheme on the part of the plaintiffs' agent and the purchasers to cheat and defraud the plaintiffs out of this balance of $200. The trial was to the court without a jury. The finding was generally in favor of the plaintiffs and judgment was rendered against the defendants Houston and Wages for $200, interest and costs. The defendant Houston alone is prosecuting this writ of error.

We think the judgment is right. No objection was interposed to the inclusion in the complaint of the two seperate causes of action. The plaintiff in error contends that his demurrer to the complaint on the ground that it does not state a cause of action should have been sustained. We do not think so. Both causes of action are well pleaded. The evidence is legally sufficient to sustain them.

The real objection of plaintiff in error seems to be that there was no sufficient consideration moving to him to sustain an agreement on his part to procure or deliver this trust deed, and that he was not guilty of fraud in connection with his codefendants which resulted in injury to plaintiffs. The defendant Houston, acting in the name of

the investment company, under his employment, was acting as agent for plaintiffs in this sale and had full charge of their interests, and the plaintiffs relied, as stated in their pleadings and testified to at the trial, upon their agent to see that the terms of this contract were carried out. It was the plain duty of the agent to get from the purchasers the trust deed security at the time the deed of conveyance was delivered to the purchasers. The agent failed in the discharge of his duty to his principals and the evidence shows that by reason of that failure the latter suffered damages in the amount of the judgment rendered. There is no merit in any of the assigned errors. The application for supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.